**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**PEORIA DIVISION**

| | | |
|---|---|---|
| JOE LOGAN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 17-cv-1140 |
| | ) | |
| STEVE KALLIS, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER AND OPINION

Now before the Court is Petitioner Joe Logan's ("Petitioner" or "Logan") Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1).[1] For the reasons set forth below, Logan's Petition is DISMISSED with prejudice pursuant to 28 U.S.C. § 2555(e).

### I. BACKGROUND[2]

Logan brings this § 2241 Petition challenging the sentence of life imprisonment he received pursuant to his conviction under 18 U.S.C. § 844(i). In 1996, a grand jury in the Western District of Kentucky indicted Logan of several charges related to a fire that occurred at the hotel at which Logan was employed, including arson of real property used in or affecting interstate commerce in violation of 18 U.S.C. § 844(i). The indictment alleged that "as a direct and proximate result of the fire, four people were killed and fifteen people were injured." Prior to trial, his co-defendant, Suresh Kumar, moved to keep the deaths from the jury, arguing that they were not relevant to the arson offense. Logan also moved to exclude a 911 call, arguing that

---

[1] Citations to documents filed in this case are styled as "Doc. __."
[2] As dictated by the analogous federal habeas corpus rules for proceedings under 28 U.S.C. § 2254 and § 2255, the facts recounted here are taken from Respondent's Response to the Petition, (Doc. 11), unless otherwise noted. *See* 28 U.S.C. § 2248.

1

evidence regarding the victims was not probative of whether he set the fire. The district court granted both motions, specifically noting that there was a split of authority as to whether the issue of death was an element of the offense or merely a sentencing enhancement. *See Logan v. United States*, 434 F.3d 503, 506 (6th Cir. 2006). "The court determined that death was not an element and noted that because 'the defendant argues that the death certificates are not relevant, defendant Kumar agrees with the government's position [that death was not an element of the offense].'" *Id.*

On February 28, 1997, a jury found Logan guilty of conspiracy to commit mail fraud and arson in violation of §§ 371, 844(i), and 1341, and arson of real property used in or affecting interstate commerce in violation of § 844(i). The jury did not decide whether death or serious injury resulted from the arson.

The presentence report found that "four individuals who had been staying at the hotel, one of which was staying on the first floor and three of whom were staying on the second floor, died as a result of smoke inhalation." Since the presentence report found that death had resulted from the fire, pursuant to § 844(i), the statutory sentencing range was up to life imprisonment. The presentence report concluded that under the then-mandatory sentencing guidelines, Logan had a total offense level of 43 and a criminal history category of II, resulting in a guideline term for imprisonment of life. This was due to the finding that "the most analogous guideline for the offense of Arson Resulting in Death is Guideline Section 2A1.1 for offenses involving First Degree Murder." Logan objected to the finding that the First-Degree Murder guideline applied, arguing that he did not possess the necessary culpable mental state and that, even if he was criminally responsible, it was the involuntary manslaughter guideline that applied. He also

argued that downward departures were warranted. However, on July 7, 1997, the district court sentenced Logan to life imprisonment.

Logan appealed. The Sixth Circuit affirmed Logan's conviction and sentence. Prior to oral argument, the Supreme Court decided *Jones v. United States*, 526 U.S. 227, 119 S.Ct. 1215 (1999), which held that the federal carjacking statute required the jury to decide whether death occurred as a result of the relevant criminal conduct. The federal carjacking statute is similarly worded to the arson statute, but Logan did not raise *Jones* in his appeal.

In January 2001, Logan filed a motion pursuant to 28 U.S.C. § 2255. Logan argued that, in light of *Jones*, the jury needed to find that death resulted from the arson. In the appeal of the district court's dismissal, the Sixth Circuit held that Logan was procedurally defaulted from bringing the claim and that the error did not cause a fundamental defect. *Logan*, 434 F.3d at 508. While Logan had raised challenges to the presentence report's calculations, he "neither challenged the fact that deaths occurred nor addressed the issue of whether the jury or judge should decide whether deaths resulted from the hotel fire." *Id.* at 509. There was no fundamental defect, as the determination of "who" decided whether death results did not make his conduct noncriminal. *Id.* at 510. Finally, there was no miscarriage of justice as Logan remained silent in the face of his co-defendant's motion to exclude evidence of the deaths, which necessarily conceded that the jury was not to decide whether the deaths occurred. *Id.*

Logan also relied on *Jones* in two § 2241 petitions, both of which were denied because the courts found that § 2255 was not an ineffective or inadequate remedy for Petitioner's claim. *See Logan v. Sherrod*, No. CIV09-544-GPM, 2010 WL 1032642, at *2 (S.D. Ill. Mar. 17, 2010); *Logan v. Sherrod*, No. 10-CV-651-DRH, 2011 WL 353522, at *2 (S.D. Ill. Feb. 2, 2011).

Logan has now brought this Petition (Doc. 1) pursuant to § 2241. He claims that, in light of *Burrage v. United States*, 134 S.Ct. 881, 887 (2014), he was improperly sentenced under the "if death results" enhancement of 18 U.S.C. § 844(i). In *Burrage*, the Supreme Court held that "at least where use of the drug distributed by the defendant is not an independently sufficient cause of the victim's death or serious bodily injury, a defendant cannot be liable under the penalty enhancement provision of 21 U.S.C. § 841(b)(1)(C) unless such use is a but-for cause of the death or injury. *Id.* at 218–19. The Respondent has filed its response (Doc. 6) and Logan has replied (Doc. 12). This Order follows.

## II. LEGAL STANDARD

Generally, federal prisoners who seek to collaterally attack their conviction or sentence must proceed by way of motion under 28 U.S.C. § 2255, the so-called "federal prisoner's substitute for habeas corpus." *Camacho v. English*, 16-3509, 2017 WL 4330368, at *1 (7th Cir. Aug. 22, 2017) (quoting *Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012)). The exception to this rule is found in § 2255 itself: a federal prisoner may petition under § 2241 if the remedy under § 2255 "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). Under the "escape hatch" of § 2255(e), "[a] federal prisoner should be permitted to seek habeas corpus only if he had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed after his first 2255 motion." *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998). Thus, the Seventh Circuit has held that "alternative relief under § 2241 is available only in limited circumstances: specifically, only upon showing "(1) that he relies on 'not a constitutional case, but a statutory-interpretation case, so [that he] could not have invoked it by means of a second or successive section 2255 motion,' (2) that the new rule applies retroactively to cases on collateral review and could not

have been invoked in his earlier proceeding, and (3) that the error is 'grave enough ... to be deemed a miscarriage of justice corrigible therefore in a habeas corpus proceeding,' such as one resulting in 'a conviction for a crime of which he was innocent.'" *Montana v. Cross*, 829 F.3d 775, 783 (7th Cir. 2016), *cert. denied sub nom. Montana v. Werlich*, 137 S. Ct. 1813, 197 L. Ed. 2d 758 (2017) (*citing Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012)).

The "second condition has two components: retroactivity and prior unavailability of the challenge." *Montana,* 829 F.3d at 784. And this "second prong" of the "second condition" "is satisfied if '[i]t would have been futile' to raise a claim in the petitioner's original 'section 2255 motion, as the law was squarely against him.'" *Id.* (*citing Webster v. Daniels*, 784 F.3d 1123, 1136 (7th Cir. 2015) (en banc)).

### III. DISCUSSION

Logan argues that *Burrage* invalidated the "if death results" penalty enhancement he received under 18 U.S.C. § 844(i). The Seventh Circuit has held that *Burrage* is a statutory interpretation case and retroactive on collateral review, and, therefore, claims relying on *Burrage* meet the first prong of the test to determine if § 2255 was "inadequate or ineffective to test the legality of his detention." *See Krieger v. United States*, 842 F.3d 490, 499–500 (7th Cir. 2016); *Prevatte v. Merlak*, 865 F.3d 894, 895 (7th Cir. 2017), *reh'g and suggestion for reh'g en banc denied* (Sept. 28, 2017). However, the Court finds that Logan's primary challenge is to the fact that the jury did not make the causation finding, which does not rely on *Burrage* and is not cognizable on collateral review. Further, the Court finds that Logan's *Burrage* claim fails to satisfy the second and third prong of the test to determine if § 2255 was "inadequate or ineffective to test the legality of his detention." Therefore, the Petition must be dismissed.

5

## A. Petitioner's Claim That the Jury Should Have Made the Causation Finding Does Not Rely on *Burrage* and is Not Cognizable in § 2241.

"The *Burrage* holding is not about who decides a given question (judge or jury) or what the burden of proof is (preponderance versus proof beyond a reasonable doubt). It is rather about *what* must be proved." *Krieger v. United States*, 842 F.3d 490, 499–500 (7th Cir. 2016). As the Respondent highlighted, Petitioner's primary challenge appears to be that the jury was required to make the causation finding. Resp. at pp. 7-9 (Doc. 6). However, this claim does not rely on *Burrage,* but rather *Apprendi v. New Jersey,* 530 U.S. 466, 120 S. Ct. 2348 (2000). In *Apprendi,* the Supreme Court held that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Id*. at 490-491. "But *Apprendi* cannot help [Logan] because it is not retroactive to cases on collateral review." *Prevatte,* 865 F.3d at 899 (citing *Curtis v. United States*, 294 F.3d 841 (7th Cir. 2002)). Further, Logan already lost this same argument in his § 2255 motion before the Sixth Circuit, which relied on *Jones* to make the same argument, and it need not be entertained again in this Court. *See* 28 U.S.C. § 2244(a) ("No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus.").

The Court notes that in his Reply, Logan reaffirmed his intention to rely on *Burrage*. However, he still repeatedly argued that the issue was the lack of a but-for causation jury instruction. *See, e.g.,* Reply at pp. 2 (Doc. 12) ("There was no but-for causation instruction provided to the jury in the case at bar and that must end the argument."). This claim does not

derive from *Burrage*. *Burrage* only referred to jury instructions because it was the jury instructions in that case that were incorrect. The holding of *Burrage* was about the correct causation standard to be applied, not about whether the jury or judge was the one applying the standard. However, Logan has made a *Burrage*-based claim to the extent he argues that there was not sufficient evidence to find that the fire was the but-for cause of the deaths. *See Prevatte*, 865 F.3d at 898. Nevertheless, this claim still fails to fall within the § 2255(e) savings clause as explained below.

   **B. Logan's *Burrage* Claim Fails to Satisfy the Second Prong Because He Could Have Brought His Claim Earlier.**

To satisfy the second prong of the test to determine if § 2255 was "inadequate or ineffective to test the legality of his detention," Logan's claim must have been "previously unavailable" to him. A claim is previously unavailable "if '[i]t would have been futile' to raise a claim in the petitioner's original "section 2255 motion, as the law was squarely against him." *Montana,* 829 F.3d at 784 (citing *Webster*, 784 F.3d at 1136). *See also, Morales v. Bezy*, 499 F.3d 668, 672 (7th Cir. 2007) ("Only if the position is foreclosed (as distinct from not being supported by—from being, in other words, novel) by precedent ..." can a petitioner satisfy the second prong of the test); *Prevatte,* 865 F.3d at 899 (holding that the petitioner could have made a *Burrage*-type argument in his direct appeal or initial § 2255 motion because such an argument was not foreclosed by circuit precedent). Here, Logan has not pointed to any case law that would have precluded him from making a *Burrage*-type argument—that there was not sufficient evidence to prove but-for causation—in his direct appeal or initial § 2255 motion.

While it is true, as Logan notes in his Reply, that he would not have been able to rely on *Burrage* itself, that does not mean the argument was unavailable. Even novel claims that are not

7

foreclosed by circuit precedent are still "available" to a petitioner for the purposes of the § 2255(e) savings clause. *See Morales*, 499 F.3d at 672. Therefore, the Court finds that Logan's claim was not previously unavailable to him and his *Burrage* claim does not meet the second prong of test to determine if § 2255 was "inadequate or ineffective to test the legality of his detention." Accordingly, his § 2244 Petition must be dismissed.

### C. Logan's Claim Fails to Satisfy the Third Prong Because There Has Been No Fundamental Error or Miscarriage of Justice.

Even had Logan's claim met the second prong, his Petition still must be dismissed because there is not a fundamental error with Logan's sentence and no miscarriage of justice has occurred. First, Logan has not shown that the wrong causation standard was used. He states that "the trial court did not apply the but-for causation standard." Pet. at pp. 8 (Doc. 1). However, he provides no support for this conclusory statement. As Respondent argues, the indictment charged that, "as a direct and proximate result of setting the fire, four people were killed and fifteen people were injured." Resp. at pp. 9 (Doc. 6). Additionally, the presentence report found that "four individuals who had been staying at the hotel, one of which was staying on the first floor and three of whom were staying on the second floor, died as a result of smoke inhalation." *See also* PSR at pp. 6 (Doc. 8) (finding "[t]he fire caused the death of four individuals" and "four of the guests died as a result of the fire"). This language implies that direct, but-for, causation was the standard being applied.

Second, Logan has not given the Court any reason to doubt that the fire was the but-for cause of the deaths. "This is not a case like *Burrage* where multiple drugs ingested by the victim may or may not have caused the victim's death." *Prevatte*, 865 F.3d at 900. As the magistrate judge noted on his initial § 2255 petition, "there was no serious dispute in this case that the

8

deaths resulted from the arson of which Mr. Logan was convicted." *Logan*, 434 F.3d at 507. The record shows that the evidence simply was not in dispute and it was agreed that the fire was the but-for cause of the deaths.

Finally, insofar as Logan argues that there was insufficient evidence, any lack of evidence on the deaths was due to Logan and his co-defendant's pre-trial motions. As the Sixth Circuit already pointed out with regard to Logan's *Jones*-based claim, there was no miscarriage of justice because Logan remained silent in the face of his co-defendant's motion to exclude evidence of the deaths. Likewise, there has been no miscarriage of justice with regard to Logan's *Burrage* claim and Logan cannot meet the third prong of the test to determine if § 2255 was "inadequate or ineffective to test the legality of his detention." Logan's Petition must be dismissed pursuant to § 2255(e).

## IV. CONCLUSION

For the reasons set forth above, Logan's Petition for Writ of habeas corpus under 28 U.S.C. § 2241 (Doc. 1) is DISMISSED WITH PREJUDICE pursuant to § 2255(e). CASE TERMINATED and all other pending motions are deemed MOOT.

Signed on this 29th day of January, 2019.

*s/ James E. Shadid*
James E. Shadid
Chief United States District Judge